UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ISRAR AHMAD, et al.,** | Civil Action No. 19-21964 (ES) (MAH) |
| Plaintiffs, |  |
| v. | REPORT AND RECOMMENDATION |
| **SAMAD UDDIN, et al.,** |  |
| Defendants. |  |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of Plaintiffs' failure to respond to the Order to Show Cause dated January 24, 2022 [D.E. 38]. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned has considered this matter on the papers. For the reasons below, the Undersigned respectfully recommends that the District Court dismiss the Complaint with prejudice.

**I.    BACKGROUND**

On December 27, 2019, Plaintiffs filed a Complaint against Defendants Samad Uddin, Manhattan Halal Gyro King LLC, and Gyro King (collectively "Uddin Defendants") for, *inter alia*, trademark infringement arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114. Compl., D.E. 1. This Court held a scheduling conference and entered a Pretrial Scheduling Order on April 6, 2020. The Scheduling Order required the parties to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before April 24, 2020, to serve any responses to written discovery by July 6, 2020, and to complete fact discovery by March 31, 2021. Pretrial Scheduling Order, D.E. 11. On September 15, 2020, Plaintiffs filed an Amended Complaint, naming Halal Gyro King LLC, Islam Shouhidul, Aslam Khan, Gyro King & Grill,

LLC as additional Defendants. Am. Compl., D.E. 17. On November 17, 2020, the Court entered an Amended Scheduling Order, which extended the deadline to serve any responses to written discovery to September 30, 2020, and scheduled a settlement conference for March 29, 2021, Am. Scheduling Order, D.E. 19.

On March 26, 2021, counsel for the Uddin Defendants filed a letter indicating that Plaintiffs' failure to serve discovery responses prevented them from filing a settlement memorandum or taking a position on settlement. D.E. 23. Counsel for the Uddin Defendants averred that he had propounded the requests on July 31, 2020 and again on November 18, 2020. *Id.* Defense counsel also asserted that Plaintiffs had failed to respond to a March 9, 2021 letter requesting that the Plaintiffs address the discovery deficiencies. *Id.* This Court held a telephone conference on March 29, 2021 to address the discovery issues. To afford Plaintiffs an opportunity to cure the discovery issues, the Court again amended the scheduling order, such that (i) Plaintiffs were required to respond in full to all outstanding written discovery requests by April 5, 2021, and (ii) all fact discovery would close on August 31, 2021. Am. Scheduling Order, Mar. 29, 2021, D.E. 24. The Order also indicated that this deadline would not be further extended and warned that "failure to comply may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f) and 37." *Id.* The March 29, 2021 Order also scheduled a telephone conference for August 17, 2021. *Id.*

Plaintiffs' counsel failed to appear for the August 17, 2021 conference. *See* Order, Aug. 17, 2021, D.E. 25. The Court required Plaintiffs' counsel to file a letter by August 24, 2021 explaining the failure to appear. *Id.* That Order also required the parties to meet and confer on any proposed extensions to the discovery deadlines, and submit any proposal to the Court by August 27, 2021. *Id.* On August 24, 2021, Plaintiffs' counsel responded that he missed the

2

August 17, 2021 conference due to an accident at the gym that morning, but that Plaintiffs had provided responses to Defendants' interrogatories and document demands. D.E. 26.

At the request of counsel for Defendants Aslam Khan and Gyro King & Grill, LLC (collectively "Khan Defendants"), who had just recently been retained, the Court subsequently extended the close of fact discovery to December 31, 2021, the deadline for the Khan Defendants to serve discovery requests to September 17, 2021, and the deadline for Plaintiffs to respond to those requests to October 29, 2021. Letter, Aug. 31, 2021, D.E. 29; Order, Sept. 1, 2021, D.E. 30. On September 17, 2021, counsel for the Khan Defendants sought a further extension of the deadlines for those defendants to serve initial discovery requests and for Plaintiffs to respond. The Court granted the request, and extended the deadline for the service of any written discovery to September 24, 2021, and responses thereto to November 5, 2021. Order, Sept. 20, 2021, D.E. 33. This Court held a status conference on November 2, 2021, and pursuant to an agreement by the parties, entered an Amended Scheduling Order extending the close of fact discovery to January 31, 2022. Am. Scheduling Order, D.E. 34. That Order also scheduled a telephone status conference for February 10, 2022, which the Court adjourned to March 2, 2022, at the request of counsel for the Uddin Defendants. *Id.*

On January 6, 2022, counsel for the Khan Defendants notified the Court that Plaintiffs had not provided *any* responses to written discovery despite emails defense counsel sent to Plaintiffs' counsel on November 17, 2021, December 2, 2021, December 10, 2021, and January 4, 2022. Letter, D.E. 35. This Court entered an Order on January 7, 2022, directing Plaintiffs to "serve all responsive written discovery on Defense counsel not later than January 18, 2022," and informing Plaintiffs that "no further extensions or delays will be allowed, and failure to comply may result in the imposition of sanctions under Fed. R. Civ. P. 16(f) and 37. Plaintiff[s] shall, by

3

the close of business on January 18, 2022, file a certification of counsel that counsel has fully complied with this Order." Text Order, D.E. 36.

Plaintiffs' counsel failed to file a certification or other letter in response to the Court's January 7, 2022 Order. Additionally, on January 20, 2022, the Khan Defendants notified the Court that Plaintiffs had failed to produce *any* responses to their discovery requests. Therefore, on January 24, 2022, this Court issued an Order to Show Cause, directing Plaintiffs to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 16(f), based on: (i) Plaintiffs' failure to file the certification in compliance with the January 7, 2022 Order; and (ii) Plaintiffs' failure to produce initial disclosures and responses to the Khan Defendants' discovery requests. The Order to Show Cause required Plaintiffs to respond in writing by February 11, 2022. Order to Show Cause, D.E. 38. Plaintiffs failed to respond.

The telephone status conference scheduled for March 2, 2022 at 10:00 a.m., which the Court had scheduled by Order filed on February 10, 2022, D.E. 41, proceeded as scheduled. Plaintiffs' counsel did not join the call. Despite the Court waiting until approximately 10:20 a.m., and counsel for the Khan Defendants reminding Plaintiffs' counsel of the conference by email sent at approximately 10:05 a.m., Plaintiffs' counsel failed to appear.

During that March 2, 2022 conference, counsel for the Khan Defendants indicated that he has not heard from Plaintiffs' counsel and has not received *any* response to the discovery deficiencies that prompted this Court's January 7 and January 24, 2022 Orders. Counsel for the Uddin Defendants also indicated he has not heard from Plaintiffs' counsel for an extended period of time.

Neither Plaintiffs nor the attorney representing their interests appeared for the March 2, 2022 telephone conference. To date, neither Plaintiffs nor any attorney representing their interests have responded to the Order to Show Cause or communicated to this Court regarding the status of this action.

## II.    DISCUSSION

### A.    Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b): (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claims or defenses. *Id.* at 868. No single factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

The Third Circuit has further held that "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007). In this case, Plaintiffs' failure to comply with Court Orders or to communicate to the Court their intention to proceed against Defendants since November 2021

has essentially brought this matter to a standstill. Out of an abundance of caution, the Undersigned nonetheless considers the *Poulis* factors.

### i. The extent of the party's personal responsibility

In the instant case, Plaintiffs' failure to comply with court rules and court orders appears to be solely their own doing. The record reflects that Plaintiffs have failed to take the basic action necessary to litigate this matter such as serving initial disclosures and responding to initial discovery requests. Plaintiffs have failed to respond to the Court's Order to Show Cause issued on January 24, 2022. Nor have Plaintiffs contacted the Court to explain their failure to comply or to seek more time to do so. As a result, this case has been brought to a virtual standstill with no indication that Plaintiffs intend to prosecute their claims. Accordingly, the Undersigned can conclude only that Plaintiffs do not intend to further litigate this matter and have willfully chosen to abandon this suit. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiffs' failure to prosecute this litigation has prejudiced Defendants. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke v Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims). Here, Plaintiffs' effective abandonment of this case leaves Defendants with no means to defend themselves against Plaintiffs' claims. This case is nearly two-and-one-half years old, and has been brought to a virtual standstill due to Plaintiffs'

failure to participate in this matter. Accordingly, this *Poulis* factor favors dismissal of Plaintiffs' claims.

### iii.     History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiffs' dilatoriness and whether they have acted in bad faith. The Third Circuit has emphasized:

> Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable.

*Poulis*, 747 F.2d at 868.

It is true that Plaintiffs initially litigated this matter with a modicum of diligence, including appearing at conferences and exchanging discovery with the Uddin Defendants. However, since at least November 2021, Plaintiffs have, by all appearances, abandoned this litigation. Since that time, Plaintiffs have failed to satisfy their discovery obligations as to the Khan Defendants, have failed to respond to the correspondence of counsel for the Khan Defendants, and have failed to comply with the Court's January 7, 2022 Order, the January 24, 2022 Order to Show Cause, or to appear for the March 2, 2022 conference. The record before the Court establishes that for several months, Plaintiffs have made no effort to comply with their obligations in prosecuting these claims or to explain to the Court and counsel their inability to do so. Therefore, the Court must conclude on the record before it, that Plaintiffs' failure to comply with its orders was willful and that they have chosen not to pursue their claims. Accordingly, these factors weigh in favor of dismissal of Plaintiffs' claims.

### iv. Alternative Sanctions

This factor also favors dismissal, for several reasons. First, Plaintiffs' failure to comply with the Court's Orders, or explain their inability to do so, or to contact the Court to seek additional time to either produce discovery or respond to the Court's Order to Show Cause, strongly suggests that Plaintiffs have abandoned their claims. *Porten*, 2011 WL 2038742, *3. Second, in this case, there is no plausible reason to believe that sanctions such as fines, costs, and attorneys' fees would spur Plaintiffs to resume actively litigating this case.

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiffs' claims and Defendants' defenses. Here, however, Plaintiffs' failure to respond to this Court's Orders, or otherwise communicate with the Court or defense counsel for months, renders any such analysis impossible. Therefore, this fact is at best neutral, in that the Court is not in a position to assess the merits of Plaintiffs' claims.

## III. CONCLUSION

On balance, the pertinent *Poulis* factors weigh in favor of dismissal of Plaintiffs' Complaint with prejudice. Accordingly, the Undersigned respectfully recommends that the District Court dismiss Plaintiffs' Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

                                                s/ Michael A. Hammer
                                                **UNITED STATES MAGISTRATE JUDGE**

Date:   March 3, 2022